UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS WUERTZER AND CURTIS WUERTZER d/b/a C&L TRUCKING,<br><br>Plaintiffs,<br><br>vs.<br><br>STADIUM INTERNATIONAL TRUCKS, INC.,<br><br>Defendant. | CIV. 15-4140-KES<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT |

Plaintiffs, Curtis Wuertzer and Curtis Wuertzer d/b/a C&L Trucking, brought this lawsuit against defendant, Stadium International Trucks, Inc. Plaintiffs move for a default judgment after the Clerk's entry of default. Defendant moves to set aside the entry of default. For the reasons stated below, the court denies plaintiffs' motion for default judgment and grants defendant's motion to set aside the entry of default.

## BACKGROUND

Plaintiffs Curtis Wuertzer and Curtis Wuertzer d/b/a C&L Trucking (collectively referred to as Wuertzer) are a South Dakota public entity engaged in the trucking business. Docket 1 at ¶ 3. Wuertzer owned a 2006 International Truck, Model 94001 (the Truck). Docket 1 at ¶ 7. The Truck was recalled due to an issue with the engine compartment. Docket 1 at ¶ 8.

Defendant Stadium International Trucks is a New York corporation and authorized dealer of International trucks. Docket 1 at ¶ 4. Stadium also

performs repair work on International trucks. *Id.* at ¶ 4. On June 15, 2007, Stadium repaired the Truck's engine compartment. *Id.* at ¶ 9.

On June 9, 2014, a fire stared in the Truck's engine compartment. Docket 1 at ¶ 10. Wuertzer alleges that Stadium's inadequate repair work caused the fire. *Id.* at ¶ 11. Wuertzer's loss from the fire exceeds $400,000. Docket 1 at ¶ 20.

On September 14, 2015, Wuertzer filed suit against Stadium alleging negligence, breach of express and/or implied warranties, and breach of contract. Docket 1. When Stadium received the complaint, Stadium's president, Gary Devennie, forwarded the email to Shephard Insurance. Docket 22. The email failed. *Id.* Because of that failure, Stadium did not answer. *Id.* On January 21, 2016, Wuertzer moved for default judgment. Docket 11. The Clerk made an entry of default that same day. Docket 12. Wuertzer then moved for default judgment on February 11, 2016. Docket 13. That same day, Stadium answered and filed a motion to set aside the entry of default. Docket 20, 21. Wuertzer opposes the motion to set aside the default. Docket 26.

## DISCUSSION

"Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Here, the Clerk entered the default of Stadium pursuant to

Rule 55(a), and the court must now decide whether to set aside the default under Rule 55(c).

Rule 55(c) of the Federal Rules of Civil Procedure provides that the district court may set aside a clerk's entry of default "[f]or good cause." "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' "[1] *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

Stadium alleges that it can show good cause for its failure to answer the complaint in a timely manner. Wuertzer argues that Stadium cannot show good cause.

I. **Culpability or Blameworthiness**

When the default is the result of inadvertence or mistake, and not an intentional disregard of procedural rules, the default is set aside. *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001).

---

[1] Wuertzer focuses his motion against setting aside the default solely on whether Stadium was engaged in culpable conduct that led to the default because he claims any one of the three factors is sufficient to refuse to set aside the default. Docket 26. But, "[a] district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011). "Rule 55(c) issues are committed to the district court's discretion" and favors adjudication on the merits. *Johnson*, 140 F.3d at 785 (8th Cir. 1998).

3

Mistakes such as faulty record-keeping, forwarding the complaint to the incorrect person, poor communication, or believing that the insurance agency was handling the case have all been excused. *Union Pac. R. Co*, 256 F.3d at 782 (8th Cir. 2001) (record-keeping); *U.S. ex rel. Shaver v. Lucas W. Corp.*, 237 F.3d 932, 933 (8th Cir. 2001) (incorrect person); *Johnson*, 140 F.3d at 784 (8th Cir. 1998) (poor communication); *Myers v. Oury*, No. CIV. 12-5072-KES, 2014 WL 458124, at *2 (D.S.D. Feb. 4, 2014) (insurance agency). The Eighth Circuit has also recognized that "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

Here, Stadium had actual notice of the lawsuit. The summons notified Stadium that it had 21 days to answer. Stadium forwarded the summons and complaint via email to its insurance agency. This was the usual practice Stadium, so it believed the matter was being handled by the insurance agency. The email never reached the insurance agency, however. When Stadium received notice of the entry of default, it again promptly contacted its insurance agency. This time, the email was successful, and the agency then contacted legal counsel. The court finds that Stadium's actions were not an intentional disregard of the procedural rules, but instead, a communication failure between Stadium and the insurance agency. The failure was promptly remedied by Stadium when it received notice of the default. This factor weighs in favor of Stadium.

4

## II. Meritorious Defense

A meritorious defense exists when "the proffered evidence 'would permit a finding for the defaulting party.'" *Johnson*, 140 F.3d at 784 (8th Cir. 1998) (citation omitted). Here, Stadium asserts that its repair of the Truck was not inadequate and did not cause the fire because seven years elapsed between its repair and the fire. In that time, the Truck had been driven 300,000 miles. In addition, Stadium asserts that after the fire, an engineer investigated the Truck and found no negligence on Stadium's part. Stadium denies that its repairs were the cause of the fire and offers an expert's report in its favor. The time between the repair and the fire and the report of Stadium's expert could lead to a finding for Stadium. Because Stadium has put forth a viable defense, this factor weighs in its favor.

## III. Prejudice to the Plaintiffs

The Eighth Circuit Court of Appeals has stated that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Stephenson*, 524 F.3d at 915. Here, there is no prejudice in setting aside the entry of default. First, Wuertzer does not allege that any prejudice would result. Second, little discovery has occurred, so there is little chance of evidentiary loss from a seven-year-old fire. Because Wuertzer alleges no prejudice, the event in question occurred seven years ago, and no discovery difficulties have been identified, this factor weighs in favor of Stadium.

5

In sum, all three factors weigh in favor of setting aside the entry of default. First, Stadium's failure to answer was not an intentional disregard of procedural rules, but instead an error in communication with its insurance company. Courts have excused this type of error when the default was promptly addressed, as it was here. Second, Stadium has presented a meritorious defense: the expert's report finding no negligence on its part. Finally, no prejudice to Wuertzer has been shown. Given all these factors and the judicial preference of adjudication on the merits, all factors weigh in Stadium's favor.

## CONCLUSION

This court has considered all three *Stephenson* factors and finds that they weigh in favor of Stadium. Therefore, the court grants the motion to set aside the entry of default against Stadium and denies Wuertzer's motion for default judgment.

Thus, it is ORDERED that plaintiffs' motion for default judgment (Docket 13) is denied.

IT IS FURTHER ORDERED that defendant's motion to set aside default judgment (Docket 21) is granted.

Dated July 25, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE